# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**FORREST THOMAS, III**                                              **PETITIONER**

**V.**                                                    **NO. 4:14CV00060-DMB-JMV**

**TIMOTHY OUTLAW**                                                   **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Forrest Thomas, III, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as time-barred pursuant to § 2244(d), and Thomas has responded. This matter is now ripe for review. For the reasons set forth below, Respondent's motion is granted, and the instant petition will be dismissed with prejudice.

## I
## Discussion

Whether Respondent's motion should be granted turns on the timeliness of Thomas' § 2254 petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a one-year statute of limitations, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed" application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

On May 18, 2007, Thomas pleaded guilty to manslaughter (Cause No. 2005-322) and kidnapping (Cause No. 2007-199) in the Circuit Court of Washington County, Mississippi. *See* Doc. #11 at Exhibit A. That same day, he was sentenced to a term of twenty years for manslaughter and fifteen years for kidnapping, to be served consecutively in the custody of the Mississippi Department of Corrections. *See Id*. at Exhibits B and C. In his federal habeas petition, Thomas clarifies that he is only challenging his plea and sentence for kidnapping. *See* Doc. #1 at 1.[1]

By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Thomas' conviction became final on June 17, 2007, thirty days after he was sentenced on his guilty plea.[2] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that a judgment becomes final by the conclusion of direct review or "when the time for seeking further direct review" in state court expires). Therefore, Thomas had until June 17, 2008, to submit a "properly filed" application in State court to toll the federal limitations period. However,

---

[1] All page numbers cited herein refer to CM/ECF docket page numbers.

[2] Despite the statutory prohibition, at the time Thomas entered his guilty plea, Mississippi law allowed an appeal from a guilty plea within thirty days when the issue concerned an alleged illegal sentence. *See, e.g., Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989). This exception no longer applies to guilty pleas taken after July 1, 2008. *See* Miss. Code Ann. § 99-35-101; *Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010).

Thomas did not file a post-conviction motion until May 14, 2010.³  *See* Doc. #11 at Exhibit D. Because he did not file a motion for post-conviction relief until after the expiration of the federal limitations period, Thomas is not entitled to statutory tolling pursuant to § 2244(d)(2).

Thomas' federal habeas petition was "filed" sometime between the date it was signed on April 22, 2014, and the date it was received in this Court on April 25, 2014.  *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that "mailbox rule" deems *pro se* prisoner's petition filed on date it is delivered to prison officials for mailing).  Either date is well past the federal limitations deadline.

Thomas makes several arguments that his petition should nonetheless be deemed timely. First, he alleges that he is entitled to the "factual predicate" exception of 28 U.S.C. § 2244(d)(1)(D) with regard to his allegation in Ground One that post-conviction counsel was operating under a conflict of interest.  Thomas maintains that his post-conviction counsel took a job with the Mississippi Department of Human Services ("DHS") sometime after the denial of rehearing in Thomas' case, and that this change in employment created a conflict of interest in filing Thomas' post-conviction motion.  Thomas maintains that he did not become aware of this alleged conflict until June 2013.

In his response to a bar complaint filed by Thomas, post-conviction counsel stated that he accepted a job with DHS on September 1, 2012.  *See* Doc. #2-1 at 5.  Respondent notes that, in the correspondence folder of Thomas' appellate file, there is a letter from Thomas received on September 26, 2012, acknowledging that Thomas was aware that his post-conviction counsel

---

³ Thomas filed a "Motion for Post-Conviction Collateral Relief" in the Circuit Court of Washington County on May 14, 2010.  *See* Doc. #11 at Exhibit D.  The court denied and dismissed Thomas' motion on October 7, 2010.  *Id.* at Exhibit E.  The Mississippi Court of Appeals affirmed the circuit's denial on July 31, 2012.  *Id.* at Exhibit F; *see also Thomas v. State*, 107 So. 3d 1046 (Miss. Ct. App. 2012), *reh'g denied*, November 27, 2012, *cert. denied*, February 21, 2013 (Cause No. 2010-CA-01730-COA).  The appellate court's mandate issued on March 14, 2013. Doc. #11 at Exhibit G.  On June 24, 2013, the United States Supreme Court denied Thomas' petition for a writ of certiorari.  *Id.* at Exhibit H.

was no longer affiliated with his law firm. *See* Doc. #11 at Exhibit I. Respondent maintains that Thomas' appellate file also contains another letter from Thomas, received by the appellate court on December 10, 2012, in which Thomas indicates that he had conferred with his post-conviction attorney regarding the petition for writ of certiorari. *Id*. at Exhibit J. Respondent argues, therefore, that Thomas could have discovered the basis of his claim by September 2012 and certainly knew the basis of the claim by December 10, 2012. In response, Thomas argues that he did not know that counsel had accepted a job with DHS in 2012, even if he knew that counsel was no longer employed by the same law firm.

The Court finds that Thomas could have, "through the exercise of due diligence," discovered the basis for his conflict of interest claim by December 10, 2012, when he states that he had conferred with his attorney regarding the writ of certiorari. 28 U.S.C. § 2244(d)(1)(D). Therefore, any issue challenging his attorney's employment would have been due on or before December 13, 2013, at the latest. As was noted previously, Thomas did not file his petition until April 22, 2014. Accordingly, even if this claim falls under the "factual predicate" exception of § 2244(d)(1)(D), it remains untimely.[4]

Next, Thomas argues that he should be excused from application of the federal statute of limitations, as he is actually innocent of the kidnapping charge. The United States Supreme Court has held that a credible claim of actual innocence may allow a federal habeas petition to overstep the § 2244(d) limitations period. *McQuiggin v. Perkins*, – U.S. –, 133 S. Ct. 1924, 1928 (2013). The *McQuiggin* Court made it clear, however, that "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations. . . a petitioner 'must show that it is more

---

[4] The Court also notes that this claim has never been presented to the State courts and is unexhausted. A petitioner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).

likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The "fundamental miscarriage of justice" exception is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). To establish the requisite probability that he is actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* (citation omitted).

Thomas pleaded guilty to kidnapping. Doc. #2-1 at 71. During his plea colloquy, Thomas acknowledged that he had taken the children against the will of their mother, who had custody and who was killed by Thomas. Doc. #2-2 at 65-71. The Mississippi Court of Appeals noted that Thomas' "ex-wife had custody of the children, and an active restraining order was on file against Thomas at the time [of the killing and kidnapping.]" *Thomas v. State*, 107 So. 3d 1046, 1047 (Miss. Ct. App. 2012). Thomas argues that he could not kidnap his own children, and that, because his ex-wife was dead at the time he took the children, he could not have taken them against her will. Doc. #2 at 22-23. However, Thomas pleaded guilty to kidnapping, and he admits that he did not have custody and had no legal right to the children at the time they were taken. He may not rely on actual innocence to overstep the statute of limitations, as he has demonstrated no credible claim that he is actually innocent of the crime of kidnapping.

Thomas also argues that his defense attorney advised him to wait one year to file a State post-conviction motion, and that this advice constitutes cause for his failure to timely file his federal habeas petition. Doc. #2 at 24. Even assuming this is true, Thomas waited three years

after his plea and sentence to file a State post-conviction motion, which was filed by a different attorney than the one who represented him at the time of his plea. Therefore, Thomas has not demonstrated how his attorney's advice resulted in his delay in filing in this Court.

The Court otherwise finds that this claim does not warrant equitable tolling of the federal limitations period. The United States Supreme Court has recognized that the § 2244(d) limitations period is subject to equitable tolling in some circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Fifth Circuit has noted that alleged attorney error may warrant equitable tolling "if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (citation omitted). Thomas has not demonstrated that his defense attorney acted to intentionally deceive him, or that he reasonably relied on such deceit, as he did not follow the alleged advice.

Finally, Thomas argues that his petition should be deemed timely because he received an illegal sentence. Thomas challenges the fact that kidnapping is considered a sex crime under Mississippi law, and, as such, his sentence is mandatory. *See* Miss. Code Ann. § 45-33-23(g). However, in the petition to plead guilty, Thomas signed and agreed to a plea offer for the kidnapping charge, which reads as follows:

> (2) a sentence of fifteen (15) years for kidnapping to serve within the custody and control of the MDOC to run consecutive to the sentence for manslaughter, pay a fine of $ 5,000.00 and a $ 500.00 payment to the victims's compensation fund. The defendant understands and agrees that the sentence imposed for kidnapping pursuant to MCA Section 45-33-23(g)(1) is a mandatory day-for-day sentence. The defendant will be given credit for any and all time served in pretrial detention.

Doc. #11 at Exhibit A. Under Mississippi law, the kidnapping of a victim below the age of eighteen is a "sex offense" or a "registrable offense." Miss. Code Ann. § 45-33-23(g)(i). Thomas acknowledged the facts of the kidnapping charge at his plea colloquy, including the fact

6

that the children were under the age of sixteen. Doc. #2-2 at 67-69. Therefore, the crime is considered a sex offense under Miss. Code Ann. § 45-33-23(g)(i). Moreover, Thomas agreed to a plea offer that explicitly informed him that he would be sentenced pursuant to this statute, and that his sentence would be mandatory. Accordingly, his sentence is not illegal and does not warrant equitable tolling of the federal limitations period. The instant petition will be dismissed as untimely.

## II
## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. A petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Thomas' petition for writ of habeas corpus is rejected on procedural grounds, he is not entitled to a COA unless he demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## III
## Conclusion

For the reasons set forth herein, Respondent's Motion to Dismiss Pursuant to § 2244(d) [11] is GRANTED, and the petition filed in this cause is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED, as Thomas has failed to show his petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

SO ORDERED, this the 24th day of July, 2014.

>/s/ Debra M. Brown                    
>**UNITED STATES DISTRICT JUDGE**